**Lula Grisham THOMPSON, Plaintiff-Appellee,**

v.

**HOUSE OF NINE, INC., et al., Defendants-Appellants.**

**No. 73–1840**
**Summary Calendar.**[*]

United States Court of Appeals,
Fifth Circuit.

Aug. 16, 1973.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

A. Spencer Gilbert III, Jackson, Miss., for defendants-appellants.

James A. Becker, Jr., Velia A. Mayer, Jackson, Miss., for plaintiff-appellee.

Before BELL, GODBOLD and INGRAHAM, Circuit Judges.

BELL, Circuit Judge:

This is an appeal of an interlocutory order which rests on the premise of its being an appeal from denial of an injunction under 28 U.S.C.A. § 1292(a) (1). The appeal arises from a suit based on a franchise agreement, in which the appellee-franchisee seeks damages and cancellation of certain notes and other obligations on common law fraud grounds, and also seeks damages on antitrust grounds. Appellant-franchisor moved to stay proceedings pending arbitration of the non-antitrust issues, basing its motion on an arbitration provision in the franchise agreement. The motion to stay was denied and this appeal followed.

We conclude that jurisdiction over the appeal is lacking. Appellant recognizes that our only possible source of jurisdiction is under 28 U.S.C.A. § 1292(a)(1), granting jurisdiction over appeals from interlocutory orders resecting injunctions. To satisfy this statute, appellant relies on the so-called *Enelow-Ettelson* doctrine, named after the two Supreme Court cases which propounded it. Ettelson v. Metropolitan Life Ins. Co., 1942, 317 U.S. 188, 63 S.Ct. 163, 87 L.Ed. 176; Enelow v. New York Life Ins. Co., 1935, 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440.

In the stay pending arbitration context, the doctrine provides that appeals may be had only from orders respecting stays of cases which formerly would have been maintained at law. The theory is that otherwise the order is not analogous to the invocation of the power of the chancellor to enjoin the prosecution of an action at law. While based on a distinction that no longer has substance, the rule is nevertheless valid and subsisting for determining appellate jurisdiction over interlocutory appeals. See Baltimore Contractors v. Bodinger, 1955, 348 U.S. 176, 75 S.Ct. 249, 99 L.Ed. 233. See also 11 Wright & Miller, Federal Practice & Procedure § 2962 at 623–28 (1973); 9 Moore, Federal Practice ¶ 110.20[3] (1973). We stated the rule as follows in Jackson Brewing Company v. Clarke, 5 Cir., 1962, 303 F.2d 844, in finding no jurisdiction over an attempted appeal from an interlocutory order:

"... An order staying or refusing to stay proceedings in the District Court is appealable under § 1292 (a)(1) only if (A) the action in which the order was made is an action which, before the fusion of law and equity, was by its nature an action at law; *and* (B) the stay was sought to permit the prior determination of some *equitable* defense or counterclaim." 303 F.2d at 845.[1]

Cf. J. S. & H. Construction Company v. Richmond County Hospital Authority, 5 Cir., 1973, 473 F.2d 212; H. W. Caldwell & Son, Inc. v. United States for the use and Benefit of John H. Moon & Sons, Inc., 5 Cir., 1969, 407 F.2d 21, 22.

 Here the complaint sought damages as well as equitable relief. The equitable relief sought was the cancellation of the franchise contract, a note and two rental agreements. Thus there is a mix of an action at law and a suit in equity. While there is no decision of this court involving such a mix, there are decisions in our sister circuits. These decisions teach that the equitable ele-

ment involved must be more than "merely incidental", if the element is to defeat an interlocutory appeal. See Chapman v. ILGWU, 4 Cir., 1968, 401 F.2d 626; Standard Chlorine of Del., Inc. v. Leonard, 2 Cir., 1967, 384 F.2d 304. See also Schine v. Schine, 2 Cir., 1966, 367 F.2d 685; Alexander v. Pacific Maritime Ass'n., 9 Cir., 1964, 332 F.2d 266.

In our view the equitable element of the complaint here is more than "merely incidental" to the law features of the case. Therefore this appeal must be and it is dismissed for want of jurisdiction.

Dismissed.

---

1. Fn. 1 in J. S. & H. Construction Company, 5 Cir., 1973, 473 F.2d 212, makes it clear that arbitration is an equitable defense and thus part B of the *Jackson Brewing Company* rule is satisfied here.