**USM CORPORATION,**
Plaintiff-Appellant,

v.

**GKN FASTENERS LIMITED,**
Defendant-Appellee.

No. 77–1433.

United States Court of Appeals,
First Circuit.

Submitted June 13, 1978.

Decided July 12, 1978.

Gerald D. Hosier, Hosier, Niro & Daleiden, LTD., Chicago, Ill., and Chaplin, Barzun & Casner, Boston, Mass., for appellant on motion for order directing a determination on the merits of appeal.

Gael Mahony, Boston, Mass., Gilbert B. Kaplan, Hill & Barlow, Boston, Mass., Victor S. Friedman, and Fried, Frank, Harris, Shriver & Jacobson, New York City, for appellee in opposition to motion.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

BOWNES, Circuit Judge.

We face the unusual issue of the retroactive effect of amended pleadings on the jurisdiction of this court. On April 6, 1978, we ruled that no jurisdiction lay with the court of appeals to entertain an appeal from a stay order issued on August 8, 1977, by the district court. *USM Corp. v. GKN Fasteners, Ltd.,* 574 F.2d 17 (1st Cir., 1978). We now rule, for reasons which we discuss below, that the pleadings which were amended on May 10, 1978, do not retrospectively validate the jurisdiction of this court. We begin with a brief resume of the procedural history of the case.

Following removal, the federal district court ordered all proceedings stayed pending arbitration. See 9 U.S.C. §§ 3, 201, 202, 208. The stay order was entered August 8, 1977. USM moved the district court for reconsideration on August 12; the motion was denied on August 23. USM appealed the stay order to this court on August 31. On October 19, GKN moved this court to dismiss the appeal for lack of jurisdiction based on the so-called *Enelow-Ettelson* rule. See *USM v. GKN, supra.* In light of GKN's motion to dismiss, USM filed with the district court, on November 3, a motion to amend pleadings by dropping all prayer for equitable relief (in the hopes of recasting its prayer in purely legal form so as to invoke the jurisdiction of this court). The district court denied the motion without prejudice to renew on December 11. The motion was renewed, and granted, following our decision in April.

▬ We first observe that appeals as of right must be filed within thirty days of the date of entry of judgment or order by the district court. Fed.R.App.P. 4(a). This requirement is mandatory and jurisdictional. *United States v. Robinson*, 361 U.S. 220, 224, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960). *Cf. Spound v. Mohasco Industries, Inc.*, 534 F.2d 404, 410 (1st Cir.), *cert. denied*, 429 U.S. 886, 97 S.Ct. 238, 50 L.Ed.2d 167 (1976). The thirty day time period may be extended, upon motion to the district court, for "excusable neglect." Excusable neglect has been limited to situations where a party has failed to learn of the entry of the order or judgment or in other extraordinary circumstances where injustice otherwise would result. *See e. g., Benoist v. Brotherhood of Locomotive Engineers*, 555 F.2d 671, 672 (8th Cir. 1977). The filing time limits cannot otherwise be enlarged. Fed.R.App.P.

26(b). As early observed by the Supreme Court: "When the time for taking an appeal has expired, it cannot be arrested or called back by a simple order of court. If it could be, the law which limits the time within which an appeal can be taken would be a dead letter." *Credit Co. v. Ark. Central Railway*, 128 U.S. 258, 261, 9 S.Ct. 107, 108, 32 L.Ed. 448 (1888).

▬ The district court, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, allowed the motion to amend pleadings on May 10, 1978. In its present "motion for order directing determination on the merits of appeal," USM now attempts to invoke the "relation back" doctrine, Fed.R.Civ.P. 15(c), to validate retrospectively appellate jurisdiction of this court. In urging this position so that we may now consider the propriety of the stay order, USM runs afoul of substantial policy reasons for denying such an interpretation. A compelling policy exists against piecemeal appeals. *Cobbledick v. United States*, 309 U.S. 323, 324–325, 60 S.Ct. 540, 84 L.Ed. 783 (1940); 28 U.S.C. § 1291. Also barring the way to accepting USM's interpretation is the understanding that Rule 15 is not to be viewed as enlarging or restricting federal jurisdiction. 3 Moore's Federal Practice ¶ 15.02[2] at 815–816 (1974).[1] The doctrine of relating back in time to the original pleadings does not affect the jurisdiction of the district court here in any manner. It would, however, enlarge the proper scope of our jurisdiction to hold that the amended complaint, purporting to state a purely legal cause of action, related back to the time of the original appeal and thereby brought the appeal newly within the scope of the *Enelow-Ettleson* gloss on 28 U.S.C. § 1292(a)(1).[2]

---

1. The Supreme Court's holding in *Freeman v. Bee Machine Co., Inc.*, 319 U.S. 448, 63 S.Ct. 1146, 87 L.Ed. 1509 (1943), that a federal court, in an action removed from state court, can permit an amendment which would not have been allowed had the suit remained in state court, is not contrary. The Court therein reiterated what was already expressed in the Federal Rules of Civil Procedure, namely that the "rules apply to civil actions removed . . .

and govern procedure after removal." Fed.R.Civ.P. 81(c). The Court stated that federal rules govern all proceedings in federal courts. 319 U.S. at 452, 63 S.Ct. 1146. Allowance of the amendment did *not* enlarge federal jurisdiction in the district court. *Id.* at 451, 63 S.Ct. 1146; 3 Moore's Federal Practice ¶ 15.02[2] at 817–818 (1974).

2. The effect of the amendment on this court would be more than merely corrective, *i. e.,*

As we have noted elsewhere, the "relation back" doctrine of Rule 15(c) is not automatically applied in every situation. *Cicchetti v. Lucey*, 514 F.2d 362, 367 (1st Cir. 1975). Where, as here, it would extend our jurisdiction, the application of the doctrine is impermissible. *Cf., id.* at 368; Fed. R.Civ.P. 82. The Rules of Civil Procedure and the Rules of Appellate Procedure are to be read as harmonious with each other to the extent possible. *Cf. Ondis v. Barrows*, 538 F.2d 904, 908 (1st Cir. 1976). A flexible approach, accommodating the policies expressed by the varying rules is essential. The policy favoring the liberal granting of amendments and the further policy of permitting such amendments to relate back in time, Fed.R.Civ.P. 15(c), stand counterpoised against the policies favoring the expeditious handling of appeals and the strict time filing requirements of Rule 4, Fed.R.App.P. 4(a). We hold that the amendment does not relate back in time to the original pleadings in this unusual situation, where the effect of such relation back would be to flout Rule 4 of the Appellate Rules and enlarge the jurisdictional bounds of this court.

In so holding, we would like to remind the parties that no "right" of the appellant is thereby denied. As we noted in our original opinion, quoting from the earlier case of *New England Power Co. v. Asiatic Petroleum Corp.*, 456 F.2d 183, 185 (1st Cir. 1972), no important right, "other than the 'right' to stay arbitration, will be irreparably lost by our declining to review the district court's action at this juncture." We would also like to underscore the fact that the *Enelow-Ettelson* rule provides an "errant exception to the general requirement of finality." *USM v. GKN, supra*, 574 F.2d at 22. USM is not hereby deprived, by virtue of a procedural requirement, of something to which it normally would be entitled. Stay orders are typically not appealable because they are not final orders. The existence of the *Enelow-Ettelson* exception is one of the loopholes for which the law has become famous (or infamous). The possible mischief it can wreak is apparent in this case.

Our ruling today is compatible with the spirit of the federal rules in encouraging the "just, speedy, and inexpensive" determination of cases. Fed.R.Civ.P. 1. The federal rules are designed to promote disposition of litigation on the merits. *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). As stated in our original opinion, the stay order by the district court does not finally dispose of USM's claims. The stay order was entered so that arbitration proceedings, freely contracted for by the parties, could proceed to completion. The strong policy of giving effect to arbitration clauses; the interest in promoting speedy resolution of issues; the disapproval of fragmentary appeals; the strict jurisdictional time filing requirements, all suggest the propriety of our action. Petitioner sought the amendment in the district court solely for the procedural or tactical advantage of seeking the jurisdiction of this court. We are dealing with experienced counsel who are held to know the law, rules of procedure, and eccentricities such as that presented by the *Enelow-Ettelson* rule. *Cf. Crown Coat Front Co. v. United States*, 395 F.2d 160, 164–165 (2d Cir.), *cert. denied*, 393 U.S. 853, 89 S.Ct. 123, 21 L.Ed.2d 122 (1968).

The time for filing an appeal to the district court order expired thirty days from August 8, 1977. Any flaw in the pleadings pertaining to the jurisdiction of this court should have been corrected, or an attempt made to correct it, by filing a motion with the district court, within the thirty day time limit for filing appeals. Petitioner filed its

pleading a jurisdictional element existing at the time of the original pleadings but omitted from the pleadings. It is recognized that such amendments are to be liberally granted at the district court level. The effect of the amended pleadings on this court is to alter our jurisdictional scope: by retroactively changing the nature of the action it filed in the district court,

appellant attempts now to *create* ex post facto a jurisdictional element whose absence earlier precluded our review. We do not wish to suggest that the motion to amend should not have been granted. We merely limit the effect of the amended pleadings on the jurisdiction of this court.

motion with the district court to amend the pleadings on November 3, 1977, well after the expiration of the thirty day limit. To allow petitioner to enlarge the time for appeal in this instance would, we feel, defeat the spirit of the Rules of Appellate Procedure. *Cf. In Re Orbitec Corp.*, 520 F.2d 358, 361 (2d Cir. 1975). Petitioner will not be given another bite at the appellate apple at this time.

*Motion denied.*