**Petition of Sam FELDMAN, Stanley J. Lehman and John Lawrence, Jr., as Trustees, for the Appointment of an Impartial Umpire of the Trustees of the Publishers'–Newspaper and Mail Deliverers' Welfare Fund.**

United States District Court
S. D. New York.
Sept. 9, 1958.

O'Donnell & Schwartz, New York City, for petitioners, Asher W. Schwartz, New York City, of counsel.

Townley, Updike, Carter & Rodgers, New York City, for respondent-trustees, John R. Schoemer, Jr., New York City, of counsel.

DAWSON, District Judge.

This is a petition pursuant to the provisions of § 302(c)(5) of the Labor Management Relations Act of 1947 (29 U.S.C.A. § 186) for the appointment of an impartial umpire in order to break a voting deadlock between the Trustees of the Publishers'-Newspaper and Mail Deliverers' Welfare Fund. The petitioners are the three Union-appointed Trustees. The respondents are the three Employer-appointed Trustees.

As a result of a collective bargaining agreement between the Publishers' Association of New York City and the Newspaper and Mail Deliverers' Union of New York and Vicinity, a Trust Agreement was entered into on March 27, 1953 which gave to a Board of Trustees the powers and duties of administering a Welfare Fund, to which the Publishers' Association and associated publisher members contributed. In the collective bargaining agreement the Publishers' Association of New York City and associated publisher members, agreed to contribute 55¢ per shift worked by each employee in the bargaining unit to a Trust Fund

"for the purpose of providing said employees and, if possible their families with such matters as life, accident, disability, hospital, medical and surgical insurance, to the extent possible under the terms of the Trust Agreement referred to in the next following paragraph.

"If an employee works for more than one Publisher, each Publisher shall make a contribution for each shift worked provided that in no event shall any one Publisher be required to make contribution in excess of 5 shifts in a payroll week for any one employee.

"The parties agree that promptly after the execution of this agreement, they shall negotiate a Trust Agreement for this purpose, in accordance with Section 302 of the Labor Management Relations Act of 1947. Pending the mutual adoption of such a Trust Agreement the contributions herein provided shall be deposited in a joint escrow account in the Chase National Bank, located at 11 Broad Street, New York City."

On or about March 27, 1953 the Publishers' Association, the Union and the Trustees appointed by both Publishers and Union, executed a Trust Agreement. This Trust Agreement states in part:

"* * * The parties to the Agreement (November 1, 1952 Collective Bargaining Agreement) intend that the Fund thereby created (Welfare Trust) is to be used to provide welfare benefits for all employees covered by the Agreement, and

"* * * It is the purpose of this Trust Agreement to carry out,

under the terms and conditions hereinafter set forth, the aforesaid provisions and purposes for which contributions have been made and are being made."

The Trust Agreement further states the powers and duties of Trustees:

"The Trustees, in their own names as Trustees, shall receive and accept from contributing employers, as hereinafter defined, contributions for the benefit of the contributing employers and employees, in accordance with the provisions of the collective bargaining agreement between the Union and each contributing employer or its representative, for the purpose of providing and maintaining group life, accidental death and dismemberment insurance, accident and health insurance, or other forms or policies of insurance as may be determined by the Trustees to be advisable."

After the Trust Fund was established the Trustees adopted a plan for the administration of the Welfare Fund which included, among other things, payments of disability pay benefits.

On June 3, 1958 several of the Union-appointed Trustees suggested a modification of the disability benefits paid by the Welfare Fund. The proposal made by these Trustees was "that the monies of the Welfare Fund which are now used for the purchase of disability benefits be used to purchase other welfare benefits and that all Employer parties to the Publishers'-Newspaper and Mail Deliverers' Welfare Fund be required to provide disability benefits in accordance with the State Law." The three Trustees appointed by the Union voted in the affirmative and the three Trustees appointed by the employers voted in the negative, thus causing a deadlock which petitioners seek to resolve by having this Court appoint an impartial umpire. The appointment of such an impartial umpire in the event of a deadlock between the Trustees is provided for in Paragraph 10—E of the Trust Agreement.

The respondents' contention is that the Court is without jurisdiction to appoint an umpire on the ground that the motion upon which the Trustees deadlocked contemplated an action beyond the power of the Trustees.

Under the powers granted to the Trustees by the Trust Agreement the Trustees are directed to use the Trust Funds for the purpose of providing the employees and, if possible, their families with such matters as life, accident, disability, hospital, medical and surgical insurance. The extent to which such insurance is provided and the particular categories to be provided for within these limitations is a matter left to the discretion of the Trustees. In effect the motion made before the Trustees was one to discontinue any benefits which would take care of non-occupational disability benefits required under the New York Disability Benefits Law, Workmen's Compensation Law, McKinney's Consol.Laws, c. 67, § 200 et seq., and in place thereof to provide alternative types of benefits. This, if adopted, might require the employers to comply with the provisions of the New York Disability Benefits Law and pay the contributions required therefor. However, it cannot be concluded that these benefits have to be provided from this Trust Fund. The mere fact that these benefits have been provided in the past from the Trust Fund may be an argument of policy as to why the benefits should be continued in the same manner. It cannot be said, however, that as a matter of law the Trustees are without authority to change the benefits to be paid for from the Trust Fund, provided the funds are used for benefits of the type provided for by the trust instrument. Under the circumstances it would seem that the motion made by the Union-appointed Trustees presented an issue which was within the power of the Trustees to decide. There having been a deadlock on this issue it is appropriate, under the terms of the trust instrument and under the provisions of the Labor Management Relations Act of 1947, for this Court to ap-

point an umpire. This umpire must, of course, consider very carefully whether it is, in the light of the agreement between the parties and the provisions of the trust instrument, appropriate and proper for the motion to be adopted or defeated.

The motion is granted. The Court hereby appoints Harold Harper, Esq., 70 Pine Street, New York, N. Y., as an impartial umpire, and directs, in accordance with agreement of the parties in open court, that his compensation for serving as such shall be determined by the Court. So ordered.