James **MAHONEY**, John L. **McFadden** and Robert E. **Clune**, Trustees-Appellants,

v.

J. B. **FISHER**, Leon H. **Cook** and Donald R. **McVay**, as Trustees, Petitioners-Appellees.

Petition of J. B. **FISHER**, Leon H. **Cook** and Donald R. **McVay**, as Trustees, for the Appointment of an Impartial Umpire of the Trustees of the Publishers'-Pressmen's Welfare Fund.

No. 190, Docket 25949.

United States Court of Appeals Second Circuit.

Argued Feb. 9, 1960.

Decided April 6, 1960.

John R. Harold, New York City (Harold, Luca, Persky & Mozer, New York City, on the brief), for trustees-appellants.

John R. Schoemer, Jr., New York City (Townley, Updike, Carter & Rodgers, New York City, on the brief), for petitioners-appellees.

**6**

Before MOORE, Circuit Judge, and SMITH and HERLANDS, District Judges.

PER CURIAM.

The appellants are three union-designated trustees, the appellees three employer-designated trustees of an employee welfare fund established under the provisions of the Labor Management Relations Act, 1947, section 302(c) (5) (B), 61 Stat. 157, 29 U.S.C. § 186(c) (5) (B). The union is the New York Printing Pressmen's Union No. 1. The employer-designated trustees petitioned for the appointment of an impartial umpire to resolve a deadlocked dispute between the two groups of trustees. The district court granted the application from which order the employee-designated trustees appeal. They assert that no arbitrable dispute exists and hence as a matter of law arbitration would be futile.

The question is whether a payment of $600 should be made by the trustees to Despard & Company for special services as insurance brokers. Appellants claim that the services of Despard & Company had been terminated prior to the rendering of the services and that, even if performed, they have no right to compensation because there was no written memorandum signed by the party to be charged as required by section 129, subd. 1, of the New York Insurance Law, McKinney's Consol.Laws, c. 28.

The district court held that paragraph 10E [1] of the Trust Agreement was not to be construed "as relating only to questions arising out of action conceded to have been properly authorized" and rejected "the narrow construction urged by respondents." This decision appears to be sound. The facts relating to the employment of Despard & Company and the services, if any, rendered can all be developed before the impartial umpire, who can resolve on the merits the question of whether compensation for services should be made. The district court left the umpire free to determine the effect of section 129 on the controversy. This section does not make illegal the brokerage services rendered herein but only unenforceable were the broker to claim a right to compensation and the client to interpose such a defense.

The recent decision of this court in Barrett v. Miller, 2 Cir., 1960, 276 F.2d 429, well illustrates the authorized scope of arbitration in welfare fund trust agreements of the type here in litigation. Where a decision by an umpire in favor of the action requested would have permitted the trustees to exceed their powers under the trust, the arbitration sought was not to resolve a dispute within the jurisdiction of the trustees. Thus self-insurance was there definitely *ultra vires* as a matter of law. In sharp contrast here the seeking and receiving of advice from insurance experts clearly falls within the range of matters entrusted to the trustees for their judgment and management under the agreement.

The order granting the application is affirmed.

---

1. "10E. In the event of a deadlock upon any question coming before the Trustees for decision, the Trustees shall agree on an Impartial Umpire, who shall sit with the Trustees as a committee to decide such question and whose decision, in the event of such deadlock, shall be final and binding. Upon the failure of the Trustees to agree upon such Impartial Umpire within seven days after said deadlock, the Impartial Umpire to decide such question shall, upon petition of either the Association-appointed Trustees or the Union-appointed Trustees, be appointed by the District Court of the United States for the District where the Fund has its principal office."