**William S. HAUSKINS, et al.,**
**Plaintiffs-Appellees,**

v.

**Robert W. STRATTON, et al.,**
**Defendants-Appellants.**

No. 83–4547.

United States Court of Appeals,
Fifth Circuit.

Dec. 22, 1983.

Rehearing and Rehearing En Banc
Denied Jan. 27, 1984.

**536**

Feder & Edes, Gerald M. Feder, David R. Levin, Washington, D.C., James Ortego, Lake Charles, La., for defendants-appellants.

Camp, Carmouche, Palmer, Barsh & Hunter, Donald A. Hoffman, New Orleans, La., for plaintiffs-appellees.

Before GEE, POLITZ and JOHNSON, Circuit Judges.

POLITZ, Circuit Judge:

We have before us (1) an appeal from an order of the district court, 566 F.Supp. 1028, directing arbitration of an issue involving a retirement fund established pursuant to Section 302(c)(5)(B) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 186(c)(5)(B); (2) a motion to dismiss that appeal; and (3) a motion to stay the order of the district court (which in turn stayed arbitration pending appeal) or, alternatively, to expedite the appeal. We seriously question our jurisdiction to consider appellees' motion to vacate the stay order, *see Oasis Oil & Refining v. Armada Transport & Refining,* 719 F.2d 124 (5th Cir., 1983), but that question is mooted by our resolution of this appeal on the merits.

Appellants are the employer-appointed trustees of the Plumbers and Steamfitters Local 106 Pension Trust Fund (Fund), designed to provide retirement benefits to the union members and their families. Control of the Fund is vested in an equal number of employer-appointed and union-appointed trustees. The trustees divided equally on a resolution to increase benefits. Upon application, the district court ordered the trustees to submit the issue to binding arbitration. Stratton challenges the legality of this order. Concluding that the determination of benefits is within the administrative authority of the trustees and is properly subject to arbitration under both § 186(c)(5)(B) and the Trust Agreement creating the Fund, we affirm. Hauskins' motions to dismiss the appeal and to vacate the stay order are thus mooted.

### Facts

In May 1981, the Master Plumbers Association, Inc. and the Industrial Piping Contractors Association (employers) entered into a three-year collective bargaining agreement with the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, Local Union No. 106, AFL–CIO (union). The agreement set forth in great detail the wage scale, working conditions and fringe benefits, including a Pension Trust Fund, providing:

> The Employer shall contribute to a Pension Trust Fund the sum of one dollar ($1.00) per hour for each employee covered by this Agreement ... immediately ... upon employment.... The fund shall be the Plumbers and Steamfitters Local 106 Pension Trust Fund....

In February 1982, the hourly contribution was increased to $1.35. The agreement is silent as to benefits.

The bargaining agreement specifies that the Fund "shall be controlled and administered by a Board of Trustees composed of an equal number of Employer and Union representatives," and notes the agreement of the parties to be bound by the terms and conditions of a trust agreement formally establishing the Fund.

The trust agreement envisioned by the collective bargaining agreement provides for eight trustees empowered to "promulgate a Plan of Benefits and such rules and regulations as are necessary for the sound and efficient administration of the Trust,"

including "schedules of type and amount of benefits to be paid." Finally, of present relevance, the trust agreement anticipated the problem of trustee deadlocks and prescribed:

> In the event the Trustees cannot decide any matter or resolve any dispute because of a tie vote . . ., then . . . a majority of the Trustees may submit the matter to an impartial arbitrator for hearing and determination of the matter, issue or dispute . . . .

At a meeting of the trustees on February 18, 1982, a union-designated trustee moved to increase pension benefits. The resolution was supported by the union trustees and opposed by the employer trustees. Confronted with this deadlock, the trustees unanimously resolved to refer the issue to binding arbitration. Subsequently, the employer trustees took the position that the matter was not subject to arbitration. The union trustees sought and secured an order of the district court compelling the submission of the issue to arbitration. The employer trustees appeal, contending that an increase in pension benefits is fit grist for the collective bargaining mill but not the trustees' administrative mill.

### Analysis

Appellants argue that the question of a benefits increase shifts the existing balance between employer and union interests and, as such, is appropriately the subject of collective bargaining and is not a matter within the administrative powers of the trustees. We do not agree.

Appellants correctly assert that pension fund trustees have no power to resolve issues that are properly the subject of collective bargaining. *See NLRB v. Amax Coal Co.,* 453 U.S. 322, 101 S.Ct. 2789, 69 L.Ed.2d 672 (1981). However, appellants' assertion that the benefit increase at issue here is such a matter is not persuasive. In support of their position appellants cite *Botto v. Friedberg,* 568 F.Supp. 1253 (E.D. N.Y.1982), a case found unconvincing by the district court. We join that assessment. Instead, we agree with our colleagues of the Ninth Circuit that "an increase of benefits" is "a matter of trust administration." *Hawkins v. Bennett,* 704 F.2d 1157, 1162 (9th Cir.1983). *Cf. Mahoney v. Fisher,* 277 F.2d 5 (2d Cir.1960).

We conclude that the benefits level in the case before us is a management and control function. The authority and discretion to manage and control the assets of a pension trust fund is vested exclusively in the trustees and not in the employers or the unions. *NLRB v. Amax Coal Co.,* 453 U.S. at 332–333, 101 S.Ct. 2795–2796 (*construing* 29 U.S.C. § 1103(a)). We hold that the trustees had the power to consider a proposal to adjust the level of benefits to the Fund's beneficiaries. Since the trustees were deadlocked, a majority of the trustees were empowered to refer the issue to arbitration. The trustees acted properly in doing so.

The judgment of the district court directing arbitration of the dispute is AFFIRMED.