Arlen HODGES, et al.

v.

Rudy HOLZER, et al.

Civ. A. No. 88–429–A.

United States District Court,
M.D. Louisiana,
Division "A".

Dec. 20, 1988.

J.J. McKernan, McKernan & Associates, Baton Rouge, La., for plaintiffs.

Edmund M. Thomas, Shreveport, La., for defendants.

## RULING ON MOTION TO DISMISS

JOHN V. PARKER, Chief Judge.

This matter is before the court on a motion by defendants, Cribbs, Hendry and Johnson[1] to dismiss for failure to state a claim or alternatively for summary judgment. Plaintiffs have filed an opposition. The motion was submitted following oral argument held on November 4, 1988. Jurisdiction is allegedly based upon 28 U.S.C. § 1331.[2]

Plaintiffs, Arlen Hodges, Richard Loyd and Henry Ognibene, are trustees of the Sheet Metal Worker's International Association Local Union No. 21 Welfare Trust Fund (the "Local Fund") who have been appointed by the local union pursuant to the Trust Agreement establishing the Local Fund. Defendants, Harvey Cribbs, Clovis Hendry and Harold Johnson, are trustees of the Local Fund appointed by the Baton Rouge Roofing and Sheet Metal Contractors Association (the "Association").

The Local Fund is a multi-employer benefit fund, created pursuant to the Labor Management Relations Act, 29 U.S.C. § 186(c)(5) and governed by ERISA (the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq.). The Local Fund operates as a trust, providing health and welfare benefits of the local union and their families.

The Union trustees have petitioned the court for an appointment of "an impartial

---

1. Rudy Holzer was erroneously named as a defendant; Harold Johnson has since been substituted for Holzer.

2. See *Ader v. Hughes,* 570 F.2d 303, 306 (10th Cir.1978) ("[w]hether a deadlock is such as to require appointment of an umpire under the LMRA presents a federal question.")

umpire" to resolve a deadlock between the Union trustees and the Association trustees over a matter "relating to the administration" of the Local Fund, pursuant to Section 3.13(b) of the Trust Agreement and 29 U.S.C. § 186(c)(5)(B). The deadlock resulted from a motion by Union Trustee Hodges that the Local Fund merge with the Sheet Metal Workers' National Health Plan. The three Union trustees voted in favor of the merger; the three Association trustees voted against the merger. Plaintiffs allege that the trustees met on December 22, 1987 and attempted to select a neutral umpire to break the deadlock pursuant to provisions of the Trust Agreement. The trustees could not agree on an umpire at that time. Plaintiffs claim that the Association trustees have since refused to consider the selection of an umpire, leading to the filing of this suit in May of 1988.

The Local Fund was established pursuant to 29 U.S.C. § 186(c)(5)(B) which provides in pertinent part:

> "**in the event** the employer and employee groups **deadlock on the administration of such fund** . . . the two groups shall agree on an impartial umpire to decide such dispute, or in the event of their failure to agree within a reasonable length of time, an impartial umpire to decide such dispute shall, on petition of either group, be appointed by the district court of the United States for the district where the trust fund has its principal office . . ."

(Emphasis supplied)

The pertinent provisions of the Trust Agreement are as follows:

**Section 3.13 Manner of Acting in the Event of Deadlock**

(a) A deadlock shall be deemed to exist whenever a proposal, nomination, motion or resolution made or proposed by any one of the Trustees is not adopted or rejected by a majority vote and the maker of the proposal, nomination, motion or resolution notifies the remaining Trustees in writing that a deadlock exists.

(b) In the event of such deadlock arising, the Trustees shall meet for the purpose of agreeing upon an impartial umpire to break such deadlock by deciding the dispute in question. In the event of the inability of the Trustees to agree upon the selection of such impartial umpire within a reasonable time, then, on the petition of either group of Trustees, the senior judge on duty of the District Court of the United States for the Middle District of Louisiana shall appoint such impartial umpire. Such impartial umpire shall immediately proceed to hear the dispute between the Trustees and decide such dispute, and the **decision and award of such umpire shall be final and binding upon the parties.** The reasonable compensation of such umpire and the costs and expenses (including, without limitation, attorneys' and reporter fees) incidental to any proceedings instituted to break a deadlock shall be paid by the Trust Fund.

(c) Any impartial umpire selected or designated to break a deadlock shall be required to enter his decision within a reasonable time fixed by the Trustees. The **scope of any such proceeding before such impartial umpire shall be limited to the provisions of this Trust Agreement** and to the provisions of the rules, regulations and by-laws adopted by the Trustees and to the plan of benefits established by them. **The impartial umpire shall have no jurisdiction or authority to change or modify the provisions of this Trust Agreement** or to decide any issue arising under or involving the interpretation of any collective bargaining agreements between the Union, the Association and other Employers, and such impartial umpire shall have no power or authority to change or modify any provisions of any such collective bargaining agreements. (Emphasis supplied)

The trust agreement also contains a merger provision:

**Section 9.5 Merger.** The Trustees shall have the power to merge with any other fund established for similar purposes as this Trust Fund under **terms and conditions mutually agreeable to the respective Board of Trustees, sub-**

ject to the approval of the Union and the Association.

(Emphasis supplied)

Section 15 of Article VIII of the Collective Bargaining Agreement provides:

> **Section 15.** Employer shall deposit with trustees and/or administrators of a Health and Welfare Plan established only for employees working under the terms of this Agreement, sums equal to One Dollar ($1.10) and Ten Cents per hour. Sums thus deposited shall be used for the purpose of and under the terms and conditions set out in the Agreement and Declaration of Trust drawn up and agreed upon by representatives of both parties to this instrument on January 1, 1960. It is understood and agreed that the referred-to Agreement and Declaration of Trust shall become a part of this Agreement as though written herein. Welfare benefit contributions shall not be duplicated.

Because defendants have presented matters (primarily the collective bargaining agreement and an affidavit of the members of the Association) outside the complaint or attachments thereto, the court elects to consider the alternative motion for summary judgment. It appears that there is no dispute as to the underlying facts; the issues are essentially legal issues. Although the court is required to construe provisions of the Trust Agreement and the Collective Bargaining Agreement, there appears to be no need for extrinsic evidence to interpret these provisions as they are not ambiguous.

■ Defendants present two arguments in support of their motion, one of which relates to mootness. Since mootness affects the court's jurisdiction, this argument will be considered first. Defendants contend that this matter is moot because the power of the trustees to approve a merger is expressly conditioned upon approval by the Association and the members of the Association have resolved that they will not approve the merger regardless of whether an arbitrator is appointed by the court. See § 9.5 above.

Plaintiffs seem to agree that the umpire's decision would be subject to approval by the Association.[3] Plaintiffs argue, however, that the Association and the Association trustees both have fiduciary duties to carefully consider the merger proposal under ERISA. Plaintiff implies that the Association members will not be able to remain steadfast in their resolution and will not disapprove the umpire's decision to merge (assuming this is his decision) without further consideration of the merger proposal.

The court finds that this matter is not moot. Defendants' argument assumes that the umpire will decide in favor of a merger, which is pure speculation at this point. Secondly, regardless of any duty the Association may or may not have under ERISA, the members' resolution to disapprove depends solely upon the will of each member, which is also subject to change. Therefore, the court cannot say with any certainty that this matter is moot.

■ Defendants' second argument is that § 186(c)(5)(B) does not authorize the court to appoint an umpire because the merger decision does not involve the "administration of the fund" as that term has been construed by the jurisprudence. Defendants argue that an umpire would have no jurisdiction under the Trust Agreement to order the merger as it would "effectively modify the Collective Bargaining Agreement," which defendants contend requires the Association to remit contributions to the Local Fund.

Section 186(c)(5)(B) is triggered when there is a deadlock "on the administration" of the fund. Different approaches have been employed in determining whether an issue falls within the "administration" of the fund as opposed to being a matter for collective bargaining. The Second Circuit has interpreted "administration" as encompassing those issues which are entrusted to the judgment of the trustees and management under the Trust Agreement. *Maho-*

---

**3.** But see § 3.13(b) of the Trust Agreement cited above indicating that the decision of the umpire is final and binding on the parties (which includes the Association).

*ney v. Fisher,* 277 F.2d 5 (2d Cir.1960). In addition to looking to the terms of the Trust Agreement, other circuits have recognized a distinction between ordinary matters which are considered to constitute administration and extraordinary matters which do not. See *Ader v. Hughes,* 570 F.2d 303 (10th Cir.1978). The Ninth Circuit has combined the foregoing approaches with an examination as to whether the dispute involves a structural deficiency as opposed to day-to-day fiduciary administration of the fund. *Hawkins v. Bennett,* 704 F.2d 1157 (9th Cir.1983). See *Torrington Co. v. Local Union 590 of Intern. Union,* 803 F.2d 927 (7th Cir.1986), noting the various approaches employed by the circuits.

The Fifth Circuit in *Hauskins v. Stratton,* 721 F.2d 535 (5th Cir.1983), affirmed the district court's order directing the trustees to submit a dispute regarding an increase of benefits to binding arbitration. The court found that the authority and discretion to manage and control the assets of the fund was vested exclusively in the trustees and not in the employers or the unions.

Defendants argue that under any of the approaches used by the various circuits the merger proposal is not an administrative matter entitling plaintiffs to an order directing the appointment of an umpire under § 186. Defendants primarily rely on the fact that § 9.5 of the Trust Agreement conditions the power of the trustees to merge funds upon approval of the Union and Association. From this, defendants argue that the Trust Agreement indicates that this is not an administrative decision, since such a decision is not left solely to the trustees and is an extraordinary one.

Plaintiffs concede that this would be an extraordinary matter and not an administrative one but for § 9.5 which gives the trustees merger powers. Plaintiff's argument, however, side steps the proviso in § 9.5 which expressly conditions the power of the trustees to merge upon approval of the Union and the Association. This requirement in and of itself demonstrates that the parties did not consider merger to be an ordinary matter of Fund administra-

tion. It clearly appears that § 9.5 is intended to authorize a merger in the event that all parties are agreeable to it.

The court further finds that the requirement for approval by both the Union and the Association indicates that merger proposals were not intended to be arbitrable under § 3.13, which provides for binding arbitration. Notwithstanding plaintiff's argument to the contrary, the umpire's decision cannot be binding upon the parties but also subject to approval of the Union and the Association. Therefore, the court concludes that the more specific requirement of Union and Association approval controls over the general provisions relating to binding arbitration.

Accordingly, the motion by defendants for summary judgment is hereby GRANTED and this action will be dismissed.