**Edward W. GOLD, Richard Brown, Kenneth Richardson, and Gerard Waldron, as Employer Trustees of The Newspaper Guild of New York/The New York Pension Plan, Plaintiffs,**

v.

**Thomas PENNACHIO, Peter McLaughlin, Robert Vann, and Richard Brandow, as Guild Trustees of the Newspaper Guild of New York/The New York News Pension Plan, Defendants.**

No. 90 Civ. 1068 (JES).

United States District Court, S.D. New York.

Feb. 15, 1991.

King & Ballow, Nashville, Tenn. (R. Eddie Wayland, Douglas R. Pierce, Charles J. Mataya, of counsel), and Jackson, Lewis, Schnitzler & Krupman, New York City (Gregory I. Rasin, New York City, Douglas R. Pierce [admitted pro hac vice], Nashville, Tenn., of counsel), for plaintiffs.

Vladeck, Waldman, Elias & Engelhard, P.C., New York City (Irwin Bluestein, Patricia McConnell, Stuart E. Bauchner, of counsel), for defendants.

## OPINION AND ORDER

SPRIZZO, District Judge:

Plaintiffs bring this action for injunctive relief to prevent defendants from proceeding with a demand for arbitration with respect to a proposal by the defendants to increase benefits payable under a pension plan. This action also seeks a judgment declaring that an increase in pension benefits is neither a subject for decision by the trustees of the plan nor a proper subject of arbitration. For the reasons that follow the Court rejects both contentions.

## BACKGROUND

The following facts are undisputed.

New York News Incorporated (the "News") is the Publisher of the *New York Daily News*. *See* Plaintiffs' Statement of Undisputed Material Facts Pursuant to Rule 3(g) at ¶ 2 ("Pltf's 3(g) Statement"). The Newspaper Guild of New York, Local 3, AFL–CIO (the "Guild"), is the certified collective bargaining agent for a unit of editorial and commercial employees at the News. *See id.* at ¶ 3. In March 1987, the News and the Guild entered into a three-year collective bargaining agreement (the "Agreement"). *See id.* at ¶ 4. The Agreement obligates the News to contribute a set percentage of the weekly payroll of Guild represented employees to the Guild–News Pension Fund (the "Pension Fund"),[1]

---

**1.** *Article 11*—Pensions

For Guild unit employees, benefits under THE NEWS unilateral pension plans shall be frozen as of Oct. 1, 1967. The Publisher will contribute to the Guild–NEWS Pension Fund 9.1424% of the weekly payroll of employees in the Guild unit.

The purpose of this Trust Fund will be to provide pension benefits for employees in the Guild unit. First Amended Complaint ("Compl.") at Exhibit A at 35. The contribution rate in Article 11 was amended in 1988. *See* Compl. at Exhibit B.

but is silent as to what benefits must be provided by the Pension Fund.

In order to administer the Pension Fund, the Guild, the News, and their respective trustees entered into an Agreement and Declaration of Trust (the "Trust Agreement") in November 1968.[2] The Trust Agreement specifies that "operation and administration of the Pension Fund shall be the joint responsibility of four (4) trustees appointed by the News and four (4) trustees appointed by the Guild." (All eight trustees will be collectively referred to as the "Trustees".) *See* Compl. at Exhibit C at 6. The Trust Agreement further empowers the Trustees to "determine all questions of the nature, amount, and duration of the benefits to be provided...." *See id.* at 15. Finally, of relevance here, the Trust Agreement anticipates the problem of trustee deadlocks and prescribes:

> Except as otherwise provided herein, in the event the Trustees cannot decide any matter or resolve any dispute because the required affirmative vote cannot be obtained; or in the event a decision on a particular matter cannot be obtained because of the failure or refusal of any Trustee or group of Trustees to act, then in such event, the Trustees shall attempt to agree upon an arbitrator to decide such dispute or matter. Upon the failure of the Trustees to agree upon such an arbitrator within five (5) days after such failure to obtain the required affirmative vote or failure or refusal to act, the American Arbitration Association shall be advised by either the News Trustees or the Guild Trustees, or both, of the nature of the dispute and it shall thereupon designate an arbitrator for the purpose of resolving said dispute in accordance with its rules. This section is subject in all respects to Section 302(c)(5)(B) of the Labor Management Relations Act of 1947.

*See id.* at 18–19.

During a special meeting of the Trustees on January 8, 1990, the Guild Trustees moved for the adoption of various proposed increases in pension benefits. *See* Pltf's 3(g) Statement at ¶ 18. The Guild Trustees voted in favor of the increases, and the News Trustees voted against them. *See id.* at ¶ 20. On January 16, 1990, counsel for the Guild Trustees wrote the American Arbitration Association requesting the designation of an arbitrator to resolve the deadlock over the increases in pension benefits. *See id.* at ¶ 21. Shortly thereafter, plaintiffs filed this action seeking, *inter alia*, to enjoin the Guild Trustees from proceeding with their demand for arbitration or from taking any other action to increase benefits paid by the Pension Fund. *See id.* at 22.

## DISCUSSION

■ Plaintiffs contend that since any increase in benefits would result in a shift in the existing balance between employer and union interests, it therefore must be effected by collective bargaining and cannot be resolved by arbitration. This argument, however, assumes that the payment of increased benefits under the plan would so substantially alter the balance between employer and employee, as to require that the increase be subject to collective bargaining. That assumption is, however, incorrect.

It is undisputed that the payment of increased benefits under the plan would not increase the level of the employer's contributions to the plan as set forth in the collective bargaining agreement, nor would it alter in any way the contractual obligations of either party under that agreement. In view of that circumstance, the Court can find no basis to conclude that the proposed increase in benefits payable under the plan should not be resolved by arbitration as required by the Trust Agreement. *But see Botto v. Friedberg*, 568 F.Supp. 1253 (E.D.N.Y.1982).

■ The Court is not persuaded that an employer-trustee's concern about the impact that an increase in benefits might have on future collective bargaining negotiations in which he will be acting as an

---

**2.** *See* Pltf's 3(g) Statement at ¶ 7. This Trust Agreement has been restated or amended, on occasion, by agreement between the News and the Guild. *Id.*

employer's bargaining representative, is a sufficient basis for finding the dispute at issue to be non-arbitrable. This is especially true since the very concept of a jointly administered trust fund presupposes that employer and union trustees will act in a dual capacity and as such must necessarily have separate and distinct obligations to the trust fund both as trustees and as union or employer collective bargaining representatives. *See NLRB v. Amax Coal Company*, 453 U.S. 322, 101 S.Ct. 2789, 69 L.Ed.2d 672 (1981). If the mere possibility that an employer or a union trustee might be concerned about the impact that decisions made as trustee might have in future collective bargaining negotiations were sufficient to defeat arbitration, then any dispute between the trustees would be rendered non-arbitrable so long as any arguable relationship between that dispute and such future negotiations could be shown to exist. That result would hardly be consistent with the manifest Congressional purpose favoring arbitration of labor disputes.

Plaintiffs also contend that the question of increased benefits is not in any event, a matter which is within the scope of the Trustees' authority under the Trust Agreement. Plaintiffs rely on two sections of the Trust Agreement to support this claim. The first provision states: "The Trustees shall have full authority to determine all questions of the nature, amount, and duration of benefits to be provided based on what it is estimated the Fund can provide without undue depletion or excessive accumulation but such benefits shall not be in conflict with the Collective Bargaining Agreements. *See* Compl. at Exhibit C at 15. The second provision states: Notwithstanding any other provision of this Agreement ... the Trustees shall have no power to increase, decrease or modify, directly or indirectly, any or all of the rights and duties of any Employer or the Guild set forth in the Collective Bargaining Agreements and any attempted exercise of such power shall be null and void. *See* Compl. at Exhibit C at 8.

This argument, however, also rests upon the faulty assumption that an increase in benefits will increase or modify or alter the parties rights and obligations under the collective bargaining agreement, an argument which the Court has rejected. It follows that since the exception to the Trustees' authority set forth in Article IV, Section I of the Trust Agreement is inapplicable, the dispute is clearly arbitrable pursuant to Article VIII of the Trust Agreement.

■ Finally, plaintiffs contend that an increase in pension benefits is not a subject for arbitration because the arbitration provision of the Trust Agreement is limited to only those decisions which are considered to be part of the "administration" of the Pension Fund as defined in Section 302(c)(5)(B) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 186(c)(5)(B) (1988). This argument lacks merit. The Second Circuit has interpreted "administration" to include all issues which the trustees have the power to decide under the trust agreement. *See Mahoney v. Fisher*, 277 F.2d 5 (2d Cir.1960); *Barrett v. Miller*, 276 F.2d 429 (2d Cir.1960). Moreover, pension benefits increases have been held to be a matter within the administration of the fund. *Hauskins v. Stratton*, 721 F.2d 535 (5th Cir.1983); *Hawkins v. Bennett*, 704 F.2d 1157 (9th Cir.1983). Since the Court has determined the exception contained in Article IV, Section I of the Trust Agreement to be inapplicable, the proposed increase in benefits is clearly one which the trustees under the Trust Agreement have the power to decide.

## CONCLUSION

For the reasons set forth above, the Court concludes that an increase in pension benefits is properly within the power of the Trustees and is subject to arbitration in the event of a trustee deadlock. Accordingly, plaintiffs' requests for injunctive and declaratory relief are denied.

It is SO ORDERED.