**George L. BUENO, as trustee of the Local 153–GHI Pension Plan; and Neysa Griffith, as trustee of the Local 153–GHI Pension Plan, Plaintiffs,**

v.

**James F. GILL, as trustee of the Local 153–GHI Pension Plan; E. Donald Shapiro, as trustee of the Local 153–GHI Pension Plan; Donna Lynne, as trustee of the Local 153–GHI Pension Plan; and Thomas A. Nemeth, as trustee of the Local 153–GHI Pension Plan, Defendants.**

No. 02 Civ. 1000(DLC).

United States District Court, S.D. New York.

Nov. 19, 2002.

---

217. *See* Pl.'s Memo at 16.

218. *See Younger,* 401 U.S. at 46, 91 S.Ct. 746.

Thomas J. Lilly, O'Donnell Schwartz Glanstein & Lilly LLP, Garden City, NY, for Plaintiffs.

Kyle Flaherty, Bryan Cave LLP, New York City, for Defendants.

## MEMORANDUM OPINION AND ORDER

COTE, District Judge.

The Opinion and Order of September 19, 2002 ("September 19 Opinion") relied extensively on a provision of the Trust Agreement for the Local 153–GHI Pension Fund that had been deleted from the Trust Agreement by the Trustees: Article V, Section 2. Given that error, the defendants seek reconsideration of their motion for summary judgment. Reconsideration is granted, but the defendants' motion for summary judgment is again denied. The grant of plaintiffs' motion for summary judgment and requests for a declaratory judgment and permanent injunction is confirmed.

This action is brought by union-appointed trustees to block the efforts of the employer-appointed trustees to arbitrate the latter's proposal to spin-off that part of the trust fund that covers non-union employees. The September 19 Opinion decided that the issue of arbitrability is for the Court to decide, and that holding is not challenged by the motion for reconsideration.

Following a detailed discussion of provisions of the Trust Agreement, a discussion that is not challenged on this motion for reconsideration, the September 19 Opinion concluded that the spin-off proposal, which

required divestiture of Trust Fund assets, is in "fundamental conflict with several provisions of the Trust Agreement", and as such, requires amendment of the Trust Agreement. Relying on the standard set out in *Barrett v. Miller*, 276 F.2d 429 (2d Cir.1960), and *Mahoney v. Fisher*, 277 F.2d 5 (2d Cir.1960), the September 19 Opinion concluded that the spin-off proposal was not arbitrable, since it is "not even arguably within the Trustees' power" absent amendment of the Trust Agreement. In *dicta*, the September 19 Opinion relied additionally (and erroneously) on the Article V, Section 2 language which denied arbitrators "the power or authority to change or modify the basic provisions of this Trust Agreement."

 In litigating the underlying motions, the defendants had argued that the spin-off proposal did not require amendment of the Trust Agreement and had conceded that "the Trust Agreement cannot be amended through arbitration."[1] Encouraged by the September 19 Opinion's conclusion that *Barrett* and *Mahoney* do not "necessarily forbid arbitration of a proposal to amend or modify" the Trust Agreement, and the Opinion's citation to *Singleton v. Abramson*, 336 F.Supp. 754 (S.D.N.Y.1971), amended by No. 70 Civ. 2992(MEL), 1971 WL 883 (S.D.N.Y. Nov. 11, 1971), the defendants seek to change their position and request for the first time that the arbitrator be instructed to either (1) frame the issue as being whether the Trust Agreement shall be amended to implement the spin-off, or (2) remand the issue to the Trustees for refinement. It is too late to introduce entirely new issues into this litigation. A motion for reconsideration is limited to bringing to the Court's attention controlling authority or factual matters presented to the Court in the underlying motion and overlooked. S.D.N.Y. R. 6.3. *See also Nat'l Union*, 2000 U.S. Dist. LEXIS 2581, at *17–*18.

In any event, the spin-off proposal that prompted this litigation was not a proposal to amend any of the provisions of the Trust Agreement that were discussed in the September 19 Opinion. The employer-appointed trustees explicitly took the legal position that no amendment of the Trust Agreement was necessary to implement the proposal. The defendants' attempt to transform the spin-off proposal into a motion to amend the Trust Agreement cannot be achieved in a motion for reconsideration.

### Conclusion

Defendants' motion for reconsideration is granted, but defendants' motion for summary judgment is again denied. The grant of plaintiffs' motion for summary judgment and requests for a declaratory judgment and a permanent injunction is confirmed.

SO ORDERED.

---

1. The defendants attempt unsuccessfully to escape the plain meaning of their prior assertion that the Trust Agreement cannot be amended through arbitration. They now contend that that statement was meant to acknowledge only that an arbitrator could not amend the Trust Agreement if presented with a proposal that did not require amendment. This latter contention is a fundamentally different, and hence, new assertion that cannot be raised in a motion for reconsideration. *See Nat'l Union Fire Ins. Co. v. Stroh Cos.*, No. 98 Civ. 8428(DLC), 2000 U.S. Dist. LEXIS 2581, at *17–*18 (S.D.N.Y. March 9, 2000), *aff'd*, 265 F.3d 97 (2d Cir.2001).