EMPLOYEE TRUSTEES OF the EIGHTH DISTRICT ELECTRICAL PENSION FUND, Petitioners–Appellees,

v.

EMPLOYER TRUSTEES OF the EIGHTH DISTRICT ELECTRICAL PENSION FUND, Respondents–Counter-Claimants–Appellants.

No. 91–1116.

United States Court of Appeals, Tenth Circuit.

March 17, 1992.

Walter C. Brauer, III (Ellen M. Kelman, with him on the brief), Brauer, Buescher, Valentine, Goldhammer & Kelman, P.C., Denver, Colo., for petitioners-appellees.

Timothy J. Parsons (David B. Seserman, with him on the brief), Gorsuch, Kirgis, Campbell, Walker and Grover, Denver, Colo., for respondents-counter-claimants-appellants.

Before BRORBY and McWILLIAMS,[*] Circuit Judges, and ALLEY,[**] District Judge.

BRORBY, Circuit Judge.

Defendants appeal the district court's grant of summary judgment holding the question of whether or not to establish an annuity plan in addition to a defined contribution plan should be submitted to an impartial umpire. Defendants claim the district court erred by determining the issue was an administrative decision of Pension Fund Trustees subject to resolution by an impartial umpire on deadlock.

## Facts

The following facts are undisputed as stipulated by the parties. A Collective Bargaining Agreement between the local unions of the International Brotherhood of Electrical Workers and the National Electrical Contractors Association provides for the establishment of the Eighth District Electrical Pension Fund (Fund). It further provides the Fund shall be administered by a board of trustees which contains an equal number of trustees representing the two groups. Plaintiffs (Employee Trustees) represent the local unions. Defendants (Employer Trustees) represent the Association. Together they jointly administer the Trust Agreement that governs the Fund.

The Fund is a trust organized pursuant to the Labor Management Relations Act (LMRA) § 302; 29 U.S.C. § 186. As fiduciaries of the Fund, the Employee Trustees and Employer Trustees are subject to the provisions of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*

The Trust Agreement governing the Fund sets out the Fund's purpose and enumerates the Trustees' powers. Through the Trust Agreement, the Trustees are empowered with the discretion to establish a plan of benefits as they see fit keeping within the Fund's purpose.

Currently, the plan of benefits offered by the Fund and administered by the Trust Agreement contains a defined benefit plan. A defined benefit plan is "a pension plan other than an individual account plan." ERISA, 29 U.S.C. § 1002(35). In other words, such a plan provides monthly payments to a participant upon retirement calculated according to a formula based on such factors as the employee's time in service and pay rate.

In contrast, an annuity plan or defined contribution plan provides an individual account for each participant, basing benefits

---

[*] The Honorable Robert H. McWilliams, Circuit Judge, heard oral argument in this case but does not participate in the opinion. *See* 28 U.S.C. § 46(d).

[**] The Honorable Wayne E. Alley, United States District Judge for the Western District of Oklahoma, sitting by designation.

solely on the amount contributed to the individual participant's account. 29 U.S.C. § 1002(34).

The unions, employers and Trustees discussed the possibility of establishing an annuity plan. However, they were unable to reach an agreement as to its establishment. The three groups felt the advantage of an annuity plan in the Eighth District would be the easy placement of money received under the Electrical Industry Pension Reciprocal Agreement. This Reciprocal Agreement allows union workers to work outside their local union jurisdiction. Other jurisdictions may have defined benefit and annuity plans. The union workers have those benefits transferred to their local union. As the Eighth District does not currently have an annuity program, the pension a union worker has accumulated from another jurisdiction is difficult to place in his local union plan.

At a Board of Trustees' meeting, the Employee Trustees proposed to adopt a resolution calling for the establishment of an annuity plan in their district. All Employee Trustees voted for the resolution and all Employer Trustees voted against it. A second vote was taken with the same results. The Trust Agreement, pursuant to LMRA § 302(c)(5)(B),[1] provides: "In the event the Trustees cannot act with respect to any administrative question or resolution presented to the Trustees for their decision because of a deadlock ... either group of Trustees may petition ... for the appointment of an impartial umpire." Section V.C.

Thereafter, the Employee Trustees initiated a lawsuit asking the district court to appoint an impartial umpire to resolve the dispute. Employer Trustees argued the is-

sue was specifically excepted from arbitration by the terms of the Trust Agreement. Employer Trustees also counterclaimed for attorneys' fees. On cross-motions for summary judgment, the district court granted the Employee Trustees' motion and denied the Employer Trustees' motion, thus allowing the appointment of an impartial umpire to resolve the question of whether or not an annuity plan should be established.

Employer Trustees appeal and assert three claims of error. Employer Trustees claim the district court erred by: (1) submitting the arbitrability of the establishment of an annuity plan to an arbitrator; (2) determining the establishment of an annuity plan is an administerial function of the Trustees; and (3) denying them attorneys' fees.

### I. Arbitration

The district court relied on *AT & T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986), to find the issue of whether to establish an annuity plan should be sent to arbitration. The district court found a presumption of arbitration exists which may be rebutted by a showing of positive assurance the arbitration clause could not be interpreted to cover the dispute. The court found arbitration was appropriate since the Employer Trustees did not meet their burden of showing the proposed annuity plan involved either amending the Trust Agreement or interpreting the Collective Bargaining Agreement. Therefore the court granted Employee Trustees' motion for summary judgment, denied Employer Trustees' corresponding motion and submitted the issue of establishing an annuity plan to arbitration.[2]

**1.** This statute provides: "[I]n the event the employer and employee groups deadlock on the administration of such fund ... an impartial umpire to decide such dispute shall, on petition of either group, be appointed by the district court...." 29 U.S.C. § 186(c)(5)(B).

**2.** Employer Trustees claim the district court misapplied *AT & T* when it determined an arbitrator should decide whether the establishment of an annuity plan is subject to arbitration. The question of arbitrability of an issue is to be

judicially determined. *AT & T*, 475 U.S. at 649, 106 S.Ct. at 1418. The district court initially determined the issue was arbitrable and then resubmitted this very issue to the arbitrator. Clearly, the district court should not have submitted this issue to the arbitrator. However, we need not further examine Employer Trustees claim as we have concluded the issue whether to establish an annuity plan is subject to resolution by an impartial umpire. Thus, Employer Trustees' claim is moot.

Employer Trustees claim the establishment of an annuity plan requires an amendment to the Trust Agreement and interpretation of the Collective Bargaining Agreement, both of which the Trust Agreement specifically exempts from arbitration. They argue the establishment of an annuity plan is therefore not an arbitrable issue. Employer Trustees support their claim that the addition of an annuity plan would require an amendment to the Trust Agreement by noting the Trust Agreement allows only *a* single plan of benefits. Employer Trustees also maintain the decision to establish an annuity plan is outside the ordinary function of the Trustees and therefore does not qualify as an administrative decision. Rather, they assert it is an extraordinary matter subject to resolution through collective bargaining. For these reasons Employer Trustees assert the district court erred by submitting the issue of an establishment of an annuity plan to an arbitrator.

In contrast, Employee Trustees urge us to conclude establishing an annuity plan is precisely the type of administrative decision the parties contemplated submitting to an impartial umpire in the event of a deadlock. They assert the act of amending a plan of benefits, as distinguished from amending the Trust Agreement itself, is an ordinary act of trust administration. As the Collective Bargaining Agreement gives discretion to the Trustees to administer the plan of benefits, Employee Trustees also assert no interpretation of the Collective Bargaining Agreement is necessary. Thus, they contend the district court properly submitted the issue of establishing an annuity plan to an arbitrator.

As the parties have stipulated no genuine issue of material fact remains, and as both parties moved for summary judgment, we must examine whether either party is entitled to summary judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). This requires a de novo review of the legal determinations of the district court. *Bacchus Indus., Inc. v. Arvin Indus., Inc.,* 939 F.2d 887, 891 (10th Cir.1991). Based on our review of the record we af-

firm the district court's grant of summary judgment for Employee Trustees.

When the Trustees came to a deadlock regarding whether to establish an annuity plan, Employee Trustees petitioned the district court to appoint an arbitrator. The section of the Trust Agreement relied on by Employee Trustees in taking this action reads: "[i]n the event the Trustees cannot act with respect to any administrative question or resolution presented to the Trustees for their decision because of a deadlock ... either group of Trustees may petition ... for the appointment of an impartial umpire." Section V.C. However the Trust Agreement then states that "[n]o matter in connection with an amendment to the Trust Agreement or the interpretation or enforcement of any Collective Bargaining Agreement shall be subject to arbitration under this Section." Section V.C.

This circuit resolves the matter of what constitutes a deadlock over an administrative question on a case-by-case decision. *See Ader v. Hughes,* 570 F.2d 303, 309 (10th Cir.1978). At the outset, we must determine whether the establishment of an annuity plan is an ordinary or extraordinary matter of trust administration. *Id.*

The key issue in determining whether an act is an ordinary act of trust administration is the extent of the trustees' authority. *Sandman v. Local Union No. 141,* 705 F.2d 865, 868 (6th Cir.), *cert. denied,* 464 U.S. 847, 104 S.Ct. 152, 78 L.Ed.2d 141 (1983). Administrative decisions include only actions that the trustees are empowered to make. *Barrett v. Miller,* 276 F.2d 429, 431 (2d Cir.1960). These include matters in which the trustees have discretion provided by the Trust Agreement. *Ader,* 570 F.2d at 308.

Therefore we must determine whether establishing an annuity program is an ordinary act of trust administration. Because the Trust Agreement expressly excepts two types of decisions from arbitration, interpretation of the Trust Agreement and interpretation of the Collective Bargaining Agreement, these can be characterized as extraordinary functions. Indeed, we have

held that an amendment of a Trust Agreement is not an ordinary administrative matter to be handled by the trustees. *Ader,* 570 F.2d at 307. Decisions that invoke the collective bargaining process are also extraordinary functions beyond the scope of trustees' authority. *See Enix v. Burrell,* 572 F.Supp. 1364, 1369 (S.D.Ohio, 1983).

■ In the case before us, if a decision does not involve amending the Trust Agreement or interpreting the Collective Bargaining Agreement, then it falls within an ordinary act of trust administration. Such matters are not involved where the Trust Agreement gives the Trustees discretion to act. Thus, discretionary decisions are ordinary administrative functions of the Trustees. If the Trustees were not allowed to make discretionary decisions, they would have no administrative duties. If a decision is an ordinary day-to-day function of the Trustees, then, upon deadlock, it is a matter that may be subject to resolution by an impartial umpire. *Ader,* 570 F.2d at 308.

We therefore examine whether the establishment of an annuity plan requires the amendment of the Trust Agreement or the interpretation of the Collective Bargaining Agreement. If so, the matter should not be submitted to arbitration. However, if it does not involve either of those acts, then the decision may fairly be characterized as an ordinary act of administration subject to resolution by an arbitrator on deadlock.

### A. Collective Bargaining Agreement

Section 6.05 of the Collective Bargaining Agreement between National Electrical Contractors Association and the International Brotherhood of Electrical Workers provides: "There shall be established by the parties to this Agreement an Eighth District Electrical Pension Fund. The Pension Fund shall be administered pursuant to an agreement and declaration of trust administered jointly by an equal number of representatives of the Employers and the Union."

It is clear the Trustees have no authority to act with respect to matters that are properly subject to collective bargaining.

*NLRB v. Amax Coal Co.,* 453 U.S. 322, 334, 101 S.Ct. 2789, 2796, 69 L.Ed.2d 672 (1981). In this case, however, the Collective Bargaining Agreement sets up a separate Trust Agreement to administer the Fund. Additionally, the Collective Bargaining Agreement does not set out the terms of the benefits or the procedure for changing those benefits. Furthermore, the institution of the annuity plan concerns the relationship between the benefits and the Fund which is within the scope of the trustees' authority. *See Amax,* 453 U.S. at 337–38, 101 S.Ct. at 2798.

Consequently, because the Collective Bargaining Agreement explicitly vests the power to administer the Fund in the Trustees in a separate Trust Agreement, any change in the administration of the Fund would have no impact on the Collective Bargaining Agreement itself. *Cf. Jackson v. Smith,* 927 F.2d 544, 549 (11th Cir.), *cert. denied,* — U.S. —, 112 S.Ct. 303, 116 L.Ed.2d 246 (1991) (Federal courts cannot modify terms of Collective Bargaining Agreement where the parties have established the level of benefits and procedures for changing those benefits); *UMWA Health & Retirement Funds v. Robinson,* 455 U.S. 562, 573, 102 S.Ct. 1226, 1232–33, 71 L.Ed.2d 419 (1982) (Trustee has no authority to determine benefits where the collective bargaining agreement fixes benefit levels). As the Collective Bargaining Agreement grants discretion to the Trustees to administer the Plan pursuant to a separate document—the Trust Agreement—we hold the establishment of an annuity plan in this circumstance does not involve the Collective Bargaining Agreement.

One way in which the collective bargaining process could be implicated is by plans that require an increase in employer contributions. The courts have viewed this as an extraordinary function governed by the Collective Bargaining Agreement. *See Enix,* 572 F.Supp. at 1369. An increase in contributions affects the relationship between the employer and the employee because the employer will be required to pay an increased amount in the pension fund

for each of its employees. Matters that concern the relationship between the employer and the employee necessitate collective bargaining. *Amax*, 453 U.S. at 337–38, 101 S.Ct. at 2798. Thus, an increase in employer contributions should properly be settled through collective bargaining.

Although the establishment of an annuity plan could ultimately result in increased employer contributions, the record reflects no such current plan. At this point, the only funds to be placed in an employee's annuity account would be pension funds transferred to the Eighth District under the terms of the Reciprocal Agreement from jurisdictions with individual account programs. The current format for establishing the annuity plan does not contain any provisions concerning employer contributions. Thus, establishing the annuity plan as it is currently set forth does not invoke the collective bargaining process.

### B. Trust Agreement

Next we look to the Trust Agreement to see if it must be amended in order to implement an annuity plan. The Trust Agreement governing the Fund states: "[T]he Trustees agree to ... administer the Trust Fund for the following ... purposes: To provide ... Benefits for Employees ... pursuant to the written Plan adopted by the Trustees and to defray reasonable expenses of administering the Trust Fund and the Plan...." Section III. A. The Trust Agreement further provides: "The fund and Plan shall be a multiemployer plan as defined under [ERISA] and shall be managed by the Trustees according to their sole discretion, subject only to the limitations of the Trust Agreement and those imposed by [ERISA] and other applicable law or governmental regulation." Section III. B.

The powers granted to the Trustees by the Trust Agreement include the ability to "adopt and give effect to a written Plan for the provision of Benefits, and to amend, alter or otherwise change the Plan from time to time...." Section IV. C. 2. "Plan" is defined as "any program relating to the establishment and distributions of

pension and retirement Benefits ... as may be adopted from time to time by the Trustees pursuant to the Trust Agreement."

The Trust Agreement gives the Trustees the discretion to determine what benefits the Plan will provide. Thus, adoption of the annuity plan is "a matter left open to the discretion of the trustees by the terms of the trust agreement." *Ader*, 570 F.2d at 308. Where the Trust Agreement allows promulgation of a plan of benefits, the Trustees have the exclusive authority and discretion to manage and control the assets of the pension trust fund. *Hauskins v. Stratton*, 721 F.2d 535, 536–37 (5th Cir.1983). Consequently, because the Trust Agreement itself gives the Trustees the discretion to formulate the plan, no amendment to the Trust Agreement is necessary to include an annuity plan within the plan of benefits.

■ Defendants argue the Trust Agreement only provides for *a* plan of benefits and therefore the addition of another plan requires an amendment. We disagree. We conclude the definition of plan does not require such a restrictive reading. No requirement exists that limits the plan to provide only one type of benefit. Only one plan may be established by the Trust Agreement, but that plan could include multiple forms of benefits.

Furthermore, the Trust Agreement specifically authorizes the Trustees to alter or amend the plan within their discretion. The written plan is a document separate and distinct from the Trust Agreement. Given the structure of the Trust Agreement and separate benefits plan, we hold the establishment of an annuity plan does not require an amendment to the Trust Agreement to give the amended plan effect.

As the implementation of the annuity plan does not involve the interpretation of the Collective Bargaining Agreement or the amendment of the Trust Agreement, we conclude the decision whether to implement an annuity plan is an ordinary administrative function of the Trustees. Consequently, a deadlock on this issue allows the court to appoint an arbitrator to resolve the dispute.

## II. Attorneys' Fees

In their motion for summary judgment, Employer Trustees requested attorneys' fees. The district court denied their motion as it related to the arbitration issue. The court did not ever address Employer Trustees' request for attorneys' fees. The record on appeal does not contain Employer Trustees' summary judgment motion. Therefore, we are unable to ascertain precisely what was before the district court.

In the absence of the district court's determination we decline to rule on Employer Trustees request for attorneys' fees and remand the matter to the district court for determination.

## III. Conclusion

We AFFIRM the district court's grant of summary judgment for Employee Trustees' allowing the issue whether to implement an annuity plan to be submitted to arbitration. We REMAND Employer Trustees' request for attorneys' fees to the district court for determination.